UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TIFFANY BETHEL,

                                 CASE NO. 13-CV-22731

    Plaintiff,

vs.

L-3 COMMUNICATIONS SECURITY
AND DETECTION SYSTEMS, INC., a Foreign
Profit Corporation,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES

    Plaintiff, TIFFANY BETHEL, by and through her undersigned counsel, hereby files this Complaint against Defendant, L-3 COMMUNICATIONS SECURITY DETECTION SYSTEMS, INC., a Foreign Profit Corporation, (hereinafter "L-3"), and alleges as follows:

### INTRODUCTION

    1.    This action seeks damages and relief to redress Defendant L-3's defective manufacturing of a whole body imaging scanning device, ("the L3 ProVision").

### THE PARTIES

    2.    The Plaintiff, TIFFANY BETHEL, is a resident of Miami-Dade County, Florida.

    3.    The Defendant L-3 is now, and at all times mentioned in this Complaint, a Foreign Profit Corporation organized and existing under the laws other than the State of

Florida, having its principal place of business in Woburn, Massachusetts, but which is, and at all times pertinent hereto, doing business in the State of Florida.

## JURISDICTION AND VENUE

4. This is an action for damages which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and attorney's fees.

5. This Court has jurisdiction pursuant to 6 U.S.C.A. §442, "Support Anti-Terrorism by Fostering Effective Technologies Act of 2002" ("Safety Act").

6. Plaintiff is a resident of Miami-Dade County, Florida.

7. Defendant L-3 is a Foreign Profit Corporation organized and existing under the laws other than the State of Florida, having its principal place of business in Woburn, Massachusetts, but which is, and at all times pertinent hereto, doing business in the State of Florida, whereby this Court has jurisdiction pursuant to 28 U.S.C. §1332, "Diversity of Citizenship.".

## GENERAL ALLEGATIONS

8. Defendant L-3 is now, and at all times mentioned in this Complaint, was in the business of designing, manufacturing, constructing, assembling, inspecting, marketing, and selling various types of security screening equipment or advanced imaging technology ("AIT").

9. From April 2008 to December 2009, Plaintiff was employed with the Transportation Security Administration ("TSA") as a security screening agent at Miami International Airport.

10.     In the regular course of Plaintiff's duties as a TSA agent, she operated the L-3 ProVision Whole Body Imager ("hereinafter L-3 ProVision), which was manufactured by Defendant L-3.

11.     On average, Plaintiff operated the L-3 ProVision twelve (12) hours per day, approximately 40 (forty) plus hours per week.

12.     Plaintiff's repeated exposure to dangerous levels of radiation emitted from the L-3 ProVision caused Plaintiff to suffer serious and permanent injuries, to include a brain stem glioma among other differential diagnoses.

13.     As a direct and proximate result of Plaintiff's operation of the L-3 ProVision, manufactured by Defendant L-3, Plaintiff suffered repeated exposure to radiation from operation of the L-3 ProVision, which ultimately caused her brain stem glioma and other differential diagnoses. In addition, Plaintiff suffered the loss of her former state of physical and mental well-being requiring medical care and treatment, including hospital admissions, chemotherapy, physical therapy, will continue to require medical care and treatment.  Plaintiff has suffered and will continue to suffer great mental anguish, severe chronic pain and agony as a result of the occurrence.  Plaintiff has incurred and will continue to incur lost wages and earnings as a result of the happening of the occurrence and is permanently partially disabled as a result of the occurrence and was otherwise injured and damaged, for which claim is made.

14.     Upon information and belief, the device used may be a qualified anti-terrorist technology as that term is defined in 6 U.S.C. §444.

## COUNT I
### *(Negligence)*

15. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 – 14 of this Complaint.

16. At all times mentioned in this Complaint, Defendant L-3 negligently and carelessly designed, manufactured, constructed, assembled, inspected, marketed, and sold the L-3 ProVision that was dangerous and unsafe for its intended use. Accordingly, Defendant L-3 owed a duty to Plaintiff that the L-3 ProVision was designed and maintained in such a way that made the system unsafe for its intended purpose.

17. Defendant L-3 knew or should have known the L-3 ProVision was designed defectively, creating an unreasonable risk of injury to Plaintiff.

18. Defendant L-3 was negligent in failing to properly design, manufacture, install, maintain, and communicate the defect of the ProVision to Plaintiff, creating a clear and immediate risk of serious and permanent injury.

19. As a direct and proximate result of the negligence and carelessness of Defendant L-3 as described above, Plaintiff suffered repeated exposure to radiation from the L-3 ProVision, which ultimately caused her brain stem glioma and other differential diagnoses. In addition, Plaintiff suffered the loss of her former state of physical and mental well-being requiring medical care and treatment, including hospital admissions, chemotherapy, physical therapy, and will continue to require medical care and treatment. Plaintiff has suffered and will continue to suffer great mental anguish, severe chronic pain and agony as a result of the occurrence. Plaintiff has incurred and will continue to

incur lost wages and earnings as a result of the happening of the occurrence and is permanently partially disabled as a result of the occurrence and was otherwise injured and damaged, for which claim is made.

20. No negligence on the part of the Plaintiff contributed to the claims made herein.

WHEREFORE, Plaintiff demands judgment against Defendant L-3 plus interest, costs, and any other relief this Court deems appropriate.

## COUNT II
*(Strict Products Liability – Defect in Design)*

21. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 – 20 of this Complaint.

22. Defendant L-3 participated in the design, manufacturing, construction, assembly, inspection, marketing, and sale of the L-3 ProVision which contained a defective condition and was unsafe for extended use or operation.

23. This design defect made the product ("L-3 ProVision) unreasonably dangerous due to the risks of repeated exposure to radiation.

24. As a direct and proximate cause of Defendant L-3's design, manufacturing, construction, assembly, inspection, marketing, and sale of the L-3 ProVision, Plaintiff sustained serious permanent injury.

WHEREFORE, Plaintiff demands judgment against Defendant L-3 plus interest, costs, and any other relief this Court deems appropriate.

## COUNT III
### *(Strict Products Liability – Abnormally Dangerous Activity)*

25. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 – 24 of this Complaint.

26. Defendant L-3's conduct in designing, manufacturing, constructing, assembling, inspecting, marketing, and sale of the L-3 ProVision for use in a public area constituted an abnormally dangerous activity which exposed Plaintiff to an unreasonable risk of harm.

27. At all relevant times, Defendant L-3 had control over the abnormally dangerous activity of maintaining the radiation emitted from the L-3 ProVision.

28. As set forth above, Plaintiff sustained serious permanent injury as a direct result and proximate cause of this unreasonably dangerous activity.

WHEREFORE, Plaintiff demands judgment against Defendant L-3, plus interest, costs, and any other relief this Court deems appropriate.

## COUNT IV
### *(Warranty)*

29. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 – 28 of this Complaint.

30. As manufacturer of the L-3 ProVision, Defendant L-3 made certain warranties, express and implied, that the L-3 ProVision was merchantable, fit for the intended purpose, and safe for normal use.

31. Contrary to these warranties of merchantability, fitness and safety, express and implied, the L-3 ProVision failed to operate properly when used in the manner for which it was intended to be used for purposes for which it was intended to be used.

32. Plaintiff relied upon the skill and judgment of Defendant L-3 in selecting, designing, manufacturing, testing, marketing, and selling the product ("L-3 ProVision) for its intended purpose.

33. No negligence on the part of the Plaintiff contributed to the happening of the occurrence.

34. The Plaintiff's injuries and damages as recited herein, occurred directly and were proximately caused by the breach of warranty of the Defendant L-3 as described herein.

35. As a direct and proximate result of Plaintiff's operation of the L-3 ProVision, manufactured by Defendant L-3, Plaintiff suffered repeated exposure to radiation from operation of the L-3 ProVision, which ultimately caused her brain stem glioma and other differential diagnoses. In addition, Plaintiff suffered the loss of her former state of physical and mental well-being requiring medical care and treatment, including hospital admissions, chemotherapy, physical therapy, will continue to require medical care and treatment.  Plaintiff has suffered and will continue to suffer great mental anguish, severe chronic pain and agony as a result of the occurrence.  Plaintiff has incurred and will continue to incur lost wages and earnings as a result of the happening of the occurrence and is permanently partially disabled as a result of the occurrence and was otherwise injured and damaged, for which claim is made.

WHEREFORE, Plaintiff demands judgment against Defendant L-3, plus interest, costs, and any other relief this Court deems appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable as a right by a jury.

DATED this **30th** day of July, 2013.

>VERNIS & BOWLING
>OF THE FLORIDA KEYS, P.A.
>*Attorney for Plaintiff*
>Islamorada Professional Center
>81990 Overseas Highway, 3rd Floor
>Islamorada, Florida 33036
>Telephone: 305.664.4675
>Facsimile: 305.664.5414
>Primary Email: keysfiling@florida-law.com
>Secondary Email: tsimmons@florida-law.com
>
>By: **/s/ Theron C. Simmons**_____
>　　Theron Simmons, Esq.
>　　Fla. Bar No. 623385